**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                                       **Case Number 3:08cr83/LAC**

**CORPORATE HORIZONS, INC.**
_____/

**PLEA AND COOPERATION AGREEMENT**

**1. PARTIES TO AGREEMENT**

This agreement is entered into by and between CORPORATE HORIZONS, INC.,

Ronald W. Johnson, attorney for the defendant, and the United States Attorney for the

Northern District of Florida. This agreement specifically excludes and does not bind any

other state or federal agency, including other United States Attorneys and the Internal

Revenue Service, from asserting any civil, criminal or administrative claim against the

defendant CORPORATE HORIZONS, INC.

**2. TERMS**

The parties agree to the following terms:

     a.     CORPORATE HORIZONS, INC. will plead guilty to Counts One and

Two of the Indictment.

_____ Defendant's Initials

_____ Defense Attorney's Initials

FILED IN OPEN COURT THIS

10/22/08

CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

b.      Charges - Count One charges that from on or about December 1, 2000,

through the date of the return of the Indictment, in the Northern District of Florida and

elsewhere, CORPORATE HORIZONS, INC., the other named defendants in Count One

and others, did knowingly combine, conspire, confederate and agree together and with

other entities and persons, known and unknown, to make under oath, and under penalty

of perjury under Section 1746 of Title 28, United States Code, and to knowingly

subscribe as true, false statements with respect to a material fact in applications,

affidavits and other documents required by the immigration laws and regulations

prescribed thereunder, and to knowingly present such applications, affidavits and other

documents containing false statements, in violation of Title 18, United States Code,

Sections 1546(a) and 371.

c.      Count Two charges that from on or about March 1, 2003, through the

date of the return of the Indictment, in the Northern District of Florida and elsewhere, the

defendant, CORPORATE HORIZONS, INC., did knowingly combine, conspire,

confederate, and agree with other entities and persons known and unknown to the grand

jury to conduct and attempt to conduct financial transactions affecting interstate and

foreign commerce, that is, the interstate transfer of monetary instruments in the form of

United States currency between financial institutions, which funds were in fact derived

from a specified unlawful activity, that is, visa fraud, in violation of Title 18, United

States Code, Section 1546, with the intent to promote the carrying on of these specified

_____ Defendant's Initials

_____ Defense Attorney's Initials                                                        2

unlawful activities as charged in this Indictment and to conceal and disguise the nature,

location, source, ownership, and control of the proceeds of these specified unlawful

activities as charged in this indictment, in violation of Title 18, United States Code,

Sections 1956(a)(1)(A)(i), (B)(i) and (h).

        d.      Penalties - As to Count One, the defendant, CORPORATE HORIZONS,

INC., faces up to a $500,000 fine or twice the gross gain, forfeiture of any proceeds of

said crime, up to five (5) years probation and a $400 special monetary assessment.  As to

Count Two, the defendant, CORPORATE HORIZONS, INC., faces up to a $500,000

fine, forfeiture of any proceeds or facilitating property, up to five (5) years probation and

a $400 special monetary assessment.  The defendant agrees to pay the $800 special

monetary assessment on or before sentencing.

        e.      The defendant is pleading guilty because it is in fact guilty of the charges

contained in Counts One and Two of the Indictment.  In pleading guilty to these offenses,

the defendant acknowledges that were this case to go to trial, the government could

present evidence to support each element of the charges beyond a reasonable doubt and

each of the overt acts alleged in the Indictment.

*Count One - Conspiracy to defraud the United States, Title 18, U.S.C., § 371*

*ECCA Pattern Jury Instruction 13.1*

> *First:*        That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

_____ Defendant's Initials

_____ Defense Attorney's Initials

| | |
|---|---|
| *Second:* | That the defendant, knowing the unlawful purpose of the plan, willfully joined in it; |
| *Third:* | That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and |
| *Fourth:* | That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy. |

*Count One - Visa fraud, Title 18, U.S.C., § 1546*

| | |
|---|---|
| *First:* | That the Defendant knowingly made a statement under oath, in an application, affidavit, or other document, OR the defendant knowingly presented an application, affidavit, or other document which contained such statement; |
| *Second:* | That the statement was false; |
| *Third:* | That the false statement related to a material fact in such application, affidavit, or other document; |
| *Fourth:* | That in so doing the defendant acted willfully, and with knowledge that such statement was false; and |
| *Fifth:* | That the false statement was made or presented in a form required by the immigration laws and regulations, that is a Form I-129 and its attachments and/or a Form 9089 and its attachments and/or other applications, affidavits and other documents required by the immigration laws and regulations and their attachments. |

*Count Two - Conspiracy to commit money laundering, Title 18, U.S.C., § 1956(h)*

*ECCA Pattern Jury Instruction 70.5*

| | |
|---|---|
| *First:* | That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to violate Title 18, United States Code, Section 1956, as charged in the indictment; |

_____ Defendant's Initials

_____ Defense Attorney's Initials                                                        4

*Second:*    That the defendant knowingly and voluntarily participated in the conspiracy.

f.    Upon the District Court's adjudication of guilt of the defendant CORPORATE HORIZONS, INC. for the offenses of conspiracy to commit visa fraud and conspiracy to commit money laundering, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the defendant arising out of the same transactions or occurrences to which the defendant has pled.

g.    Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.  Should the defendant be charged with any offense alleged to have occurred after entry into this agreement, any statements, information or other evidence disclosed to the Government during the defendant's cooperation may be used against the defendant in any such prosecution.

h.    **The parties agree that the sentence to be imposed is left solely to the discretion of the District Court**, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant.  The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

_____ Defendant's Initials

_____ Defense Attorney's Initials                                                 5

i.      The United States Attorney will not recommend a specific sentence.  Both parties have the right to advise the District Court and other authorities of their versions of the offenses committed by the defendant.  Both parties have the right to argue positions under the Sentencing Guidelines, including requests for departures from the guideline range.

j.      CORPORATE HORIZONS, INC. agrees to cooperate fully and truthfully with the United States Attorney and his designated representatives and with agencies identified by the United States Attorney.

k.      CORPORATE HORIZONS, INC. specifically waives any privilege inconsistent with the cooperation required by this agreement.

l.      The United States Attorney agrees to make known his opinion as to the nature and extent of the defendant's cooperation.

### 3. REVOCATION

a.      The parties agree that the United States Attorney may revoke this agreement upon showing, by a preponderance of the evidence, any of the following:

1. that defendant has refused to cooperate as required by this agreement;

2. that defendant has failed to comply with any of the terms of this agreement;

3. that defendant has engaged in further criminal conduct after entering into this agreement.

_____ Defendant's Initials

_____ Defense Attorney's Initials                                               6

b.      If this agreement is revoked,

1. The plea of guilty entered by CORPORATE HORIZONS, INC. pursuant to this agreement and any judgment entered thereon shall remain in full force and effect and will not be the subject of legal challenge by the defendant.

2. The United States may file charges without limitation by this agreement.

3. All statements, information and other evidence provided by CORPORATE HORIZONS, INC. pursuant to this agreement or under Rule 11, Federal Rules of Criminal Procedure, may be used against the defendant in any proceeding in this or any other action.

4. The defendant, regardless of cooperation, and at the sole discretion of the United States Attorney, may be deemed not to have provided substantial assistance.

## 4. SENTENCING

a.      Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of issues which may arise at sentencing, the sentence is not subject to accurate prediction. The Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings, or a sentence greater than anticipated shall not be grounds for withdrawal of defendant's plea.

b.      The United States Attorney does reserve the right to advise the District

_____ Defendant's Initials

_____ Defense Attorney's Initials                                                          7

Court and any other authorities of its version of the circumstances surrounding the commission of the offenses by the defendant, including correcting any misstatements by defendant or defendant's attorney, and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a).

c.     If, in the sole discretion of the United States Attorney, CORPORATE HORIZONS, INC. is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, if the defendant has otherwise complied with all terms of this agreement, and if this assistance is prior to sentencing or within the time provided by Rule 35, Federal Rules of Criminal Procedure, then the United States Attorney will file a substantial assistance motion. Determination whether the defendant has provided substantial assistance will not depend upon charges being filed or convictions being obtained as a result of defendant's cooperation. **Should a motion be filed, the granting of relief and the extent of relief is left solely to the discretion of the District Court.**

d.     The parties reserve the right to appeal any sentences imposed.

### 5. FORFEITURE

a.     Prior to sentencing, the defendant shall accurately and completely identify every asset which is either owned by the defendant or is under the defendant's control. All property shall be identified, whether forfeitable or not.

_____ Defendant's Initials

_____ Defense Attorney's Initials                                                                 8

b.      The defendant agrees to fully and truthfully disclose all facts which could tend to make any interest which defendant owns or controls in property forfeitable under the laws of any jurisdiction, including property which may be forfeitable as substitute assets.

c.      Defendant agrees to forfeit all of its interest in forfeitable assets to the United States or to agencies designated by the United States. This agreement specifically includes, but is not limited to forfeiture of the following:

1.      $4,600 in U.S. currency seized from the residence of defendant VENKATESH AELOGONDA, 73 Gate Lane, Old Bridge, New Jersey;

The defendant shall take all steps necessary to transfer forfeitable assets to the United States, including but not limited to executing any documents, consenting in any form or cause of action required by the United States, providing information and supporting documentation within the defendant's possession or control, and inducing persons holding property on the defendant's behalf to transfer such property to the United States. These transfers shall be completed prior to sentencing.

d.      At his sole discretion, the United States Attorney may decline to forfeit assets where the value, or level of equity, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

Defendant's Initials

Defense Atty's Initials

9

## CONCLUSION

There are no other agreements between the United States Attorney, Northern

District of Florida and the defendant, and the defendant enters this agreement knowingly,

voluntarily and upon advice of counsel.

THOMAS F. KIRWIN
Acting United States Attorney

RONALD W. JOHNSON
Attorney for Defendant

TIFFANY H. EGGERS
Florida Bar No. 0193968
Assistant U.S. Attorney
Northern District of Florida
21 East Garden Street, Suite 400
Pensacola, Florida 32502
850/444-4000

10/22/08
Date

REPRESENTATIVE OR
REGISTERED AGENT
CORPORATE HORIZONS, INC.


Date